IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| REGINALD LAMAR CODY, | * | |
| Petitioner. | * | CASE NO. 4:08-CV-90038 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | CASE NO. 4:05-CR-16 CDL |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Petitioner Cody was indicted on April 20, 2005 (Doc. 21), for Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii) in Count One and for Carrying a Firearm During a Crime of Violence in violation of 18 U. S. C. § 924(c) in Count Three. Petitioner Cody entered into a Plea Agreement with the Government on August 15, 2005 (Doc. 29), and pled guilty to Counts I and III in exchange for dismissal of Count Two. Petitioner's Plea Agreement also contains a Waiver of Appeal provision that provides as follows:

> [D]efendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

(Doc. 29 at (3)(G)). The District Court's sentence of 63 months on Count I and a statutory mandatory minimum consecutive 60 months on Count III, entered on January 26, 2006, was well within the advisory sentencing guidelines. (Doc. 39, 41). Petitioner Cody did not appeal his sentence. Additionally, since the effective date of U.S.S.G. § Amendment 706, Petitioner's sentence on Count I, the crack cocaine count, has been *sua sponte* reduced to 57 months, and entered of record on June 20, 2008. (Doc. 41).

Petitioner's original sentence of 123 months, entered on January 26, 2006, became final on February 5, 2006[1]. He filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 12, 2008 (Doc. 42), asserting a single claim of ineffective assistance of counsel and stating that:

> Counsel failed to file a notice of Appeal as instructed, I personally instructed him to file my Notice of Appeal in order to protect my Right to Appeal.

(Doc. 42 at 5). Petitioner disregards the fact that he had waived his *Right to Appeal* in his Plea Agreement as stated above. Any appeal he may have filed would have been dismissed based upon his valid waiver. Petitioner adds at Section 18, page 13 of his § 2255 Motion that:

> Petitioner just recently learned that this attorney never filed an appeal, petitioner thought his appeal was filed and denied. But just recently discovered no notice of appeal was ever filed. Petitioner did not know about the one year limitation for filing a 2255.

Petitioner Cody has demonstrated no due diligence in finding out whether any Notice of

---

[1] The judgment becomes final once the defendant exhausts, or foregoes, his opportunity to pursue direct appeal. *See Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). A defendant has 10 days after final judgment is entered to file a Notice of Appeal. Fed.R.App.P.4(b)(1)(A). Foregoing filing of a Notice of Appeal begins the AEDPA 1 year period of limitation 10 days after judgment is entered in the case.

Appeal that he contends he instructed to be filed was filed within the statutory 10 day period of Fed.R.App.P.4(b)(1)(A), nor has he demonstrated that he exercised any due diligence to determine the status of any such appeal or the one-year period of limitation provided by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Clearly, the least diligent inquiry would have revealed to Petitioner Cody that no appeal had been filed in his case within the allotted 10 day period, and that he had only one-year in which to file a § 2255 motion. Petitioner Cody's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on November 12, 2008, was late by nine months and time-barred by the AEDPA 1-year period of limitation.

### Conclusion of Law

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle. If 1-day late filings are acceptable, 10-day late filings might be equally

>acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796. "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996). *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (not knowing about the period of limitation until too late is not ground for equitable tolling); *Godoski v. United States,* 304 F.3d 761, 762 (7th Cir. 2002) (ignorance of the law does not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence). "Attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Howell v. Crosby,* 415 F.3d 1250, (11th Cir. 2005).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DISMISSED as barred by the AEDPA statute of limitations. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 18th day of December 2008.

          **S/ G. MALLON FAIRCLOTH**
          **UNITED STATES MAGISTRATE JUDGE**